UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMABLE ANDRES CASTRO VALBUENA,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

Case No. 2:26-cv-03126-TMC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION AND BACKGROUND

Petitioner Amable Andres Castro Valbuena is a 19-year-old Venezuelan citizen who entered the United States on November 1, 2022, and was granted humanitarian parole lasting until October 30, 2024. Dkt. 1 ¶¶ 14–15; Dkt. 1-2; Dkt. 7 ¶¶ 3–4. A year after he arrived in the country, his mother filed an asylum application on his behalf; that application remains pending. Dkt. 1 ¶ 17; Dkt. 7 ¶ 6. Petitioner's parole expired without extension from the Department of Homeland Security. Dkt. 7 ¶ 5. Petitioner has no criminal history. Dkt. 1 ¶ 14; Dkt. 7 ¶ 10; Dkt. 8-1 at 4.

On July, 11, 2026, Immigration and Customs Enforcement ("ICE") officers encountered Petitioner at the ICE office in Orlando, Florida. Dkt. 7 ¶ 7. He was briefly detained and then

released on an order of recognizance ("OREC") "[i]n accordance with section 236 of the Immigration and Nationality Act." Dkt. 8-2 at 2; Dkt. 7 ¶ 8. Per the terms of the OREC, Petitioner was required to return to the Orlando ICE office on July 13. Dkt. 8-2 at 2; Dkt. 8-3. Petitioner did not do so—the parties dispute whether he failed to appear or arranged with ICE to check in at a different location—but he did appear for an appointment at the ICE office in Miramar, Florida on July 22. Dkt. 1 ¶ 21; Dkt. 7 ¶¶ 8–9; Dkt. 9 ¶¶ 2–7. At that time, ICE detained him and charged him as present in the United States without a valid entry document. Dkt. 8-1 at 3; Dkt. 8-5; *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I). Over the next week, Petitioner was transferred to several ICE detention facilities and ultimately arrived at the Northwest ICE Processing Center, where he remains detained. Dkt. 1 ¶¶ 22–24.

On August 11, 2026, an Immigration Judge ("IJ") held a custody redetermination hearing at Petitioner's request. Dkt. 1 ¶¶ 25–26; Dkt. 7 ¶ 13. The IJ concluded that he lacked jurisdiction to order release on bond because Petitioner is an "arriving alien." Dkt. 1-8 at 2; Dkt. 8-6 at 2. But in the alternative, the IJ ruled that if he had jurisdiction to consider Petitioner's bond request, he would grant "release[] from custody under bond of $7,000 and any conditions set by ICE/[Department of Homeland Security]." Dkt. 1-8 at 2; Dkt. 8-6 at 2.

On September 1, Petitioner filed a petition for writ of habeas corpus, arguing that his mandatory detention as an arriving alien violates the Immigration and Nationality Act ("INA") and his due process rights. Dkt. 1 ¶¶ 65–100. On September 16, Federal Respondents filed a return to the habeas petition. Dkt. 6. On September 21, Petitioner filed a traverse. Dkt. 9.

The habeas petition is now ripe for the Court's review. Because Petitioner's mandatory detention violates the INA, the Court GRANTS the petition.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

The parties dispute which provision of the INA currently governs Petitioner's detention. Petitioner argues that he is detained under 8 U.S.C. § 1226(a), which entitles him to a bond hearing before an IJ. Dkt. 1 ¶¶ 65–80. Federal Respondents contend that, as an arriving alien, he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 6 at 2–3, 5–8.

While Petitioner may have previously been subject to mandatory detention, his release from custody on an OREC converted the authority governing his detention to § 1226(a). Release on recognizance is a form of "conditional parole under § 1226(a)." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (internal quotation marks omitted). This Court has previously held that release on an OREC demonstrates that the government considers a noncitizen subject to discretionary detention under that provision. *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *7 (W.D. Wash. Nov. 26, 2025). Federal Respondents argue that the OREC did not alter Petitioner's detention authority because it "lasted eleven days and required Petitioner to report to [ICE], that Petitioner missed." Dkt. 6 at 7–8. But after expressly releasing Petitioner from custody "[i]n accordance with section 236 of the Immigration and Nationality Act"—in other words, under § 1226(a)—Respondents may not arbitrarily revert his detention authority back to § 1225(b)(2). Although Respondents argue that Petitioner failed to appear at the scheduled July 13 check-in, he did report to an ICE office in the

same state just nine days later, and he has submitted evidence showing that was a result of his request to change the appointment to a location near his home. *See* Dkt. 1 ¶ 21; Dkt. 7 ¶¶ 8–9; Dkt. 9-1 at 5. And even if Respondents were justified in re-detaining him, there is no indication that Petitioner received any notice prior to the revocation of his OREC. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.").

Because the Court concludes that Petitioner's mandatory detention violates the INA, the Court does not reach the question of whether his detention violates due process. Petitioner has demonstrated his entitlement to the remedy set forth in the statute: a bond hearing before an IJ. As an alternative to immediate release, Petitioner seeks "an expedited individualized bond hearing before an impartial Immigration Judge, as soon as practicable and in no event later than seven (7) days from the Court's order, at which the government bears the burden to justify continued detention by clear and convincing evidence." Dkt. 1 at 26. But Petitioner does not identify any deficiencies in the IJ's alternative findings at his August 11 hearing. The Court thus concludes that the requirements of § 1226(a) are satisfied by Petitioner's release on the terms of his alternative bond.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within ONE day of this order, Respondents must either release Petitioner Amable Andres Castro Valbuena or allow his release upon payment of the alternative bond amount of $7,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

Dated this 5th day of October, 2026.

Tiffany M. Cartwright
United States District Judge